(Nos. 76-CC-1934 and 76-CC-1936, Consolidated—

PEKIN AND LA MARSH DRAINAGE AND LEVEE DISTRICT, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 2, 1977.*

EDWARD C. MOEHLE, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

PER CURIAM.

The facts in this case are stipulated to by both parties and are found in both the complaint and the departmental report. The facts as set forth in the record reveal that the Pekin and La Marsh Drainage and Levee District is a duly organized and existing drainage and levee district under the provisions of Ill. Rev. Stat., Ch. 42. The district is comprised of approximately 2,600 acres in Peoria County, Illinois. The State of Illinois, Department of Transportation, drilled a test

hole or boring into the ground at a location approximately 50 feet northerly of Route 9 and approximately 500 feet westerly of the Pekin Highway Bridge, this being within the boundaries of the drainage and levee district. The test hole or boring was drilled for the purpose of gathering information on the subsurface at that particular location. On or about June 2, 1974, a water boil or artesian well developed in the test hole. The water boil developed because of the failure of the State of Illinois, Department of Transportation, to seal the test hole. The Respondent in their departmental report admit that the test holes which were bored in September, 1972, were not plugged and it was known by the State that by the later part of 1972 the test holes had become small artesian wells. However, prior to the first week of June, 1974, the record indicates that the water flowing from the test holes was minimum and did not cause damage to any property. However, the State admits in their report that they were aware of the underground water pressure and that standard engineering practices would have dictated the sealing of these test holes.

On June 3, 1974, the district was informed of the water boil and immediately informed the State, the Department of Transportation. The State then inserted a tube or pipe and other materials into the water boil in such a manner that caused a flow of water from the water boil to increase in volume and to carry with it sand and silt from the subsurface. On subsequent dates the State of Illinois further inserted other materials into the boil which material further opened the channel for the flow of water, again causing the great increase in the flow of water from the boil which carried with it additional sand and silt from the subsurface. This sand and silt flowed into the drainage ditch of the

district and was thereafter pumped from the district into the Illinois River by pumps operated and owned by the district. The increased flow undermined the subsurface causing the surrounding area to sink which in turn caused a secondary boil or artesian well to develop which again in turn caused a secondary levee in the district to subside and in general created an emergency flood condition within the district. The flow of water, sand and silt continued until about July 15, 1974, when the State of Illinois managed to control the flow. In the Fall of 1974, the State sealed the hole from which the water had flowed.

The State in their departmental report admit that by reason of the water, sand and silt flowing into the drainage ditch of the district, the district was compelled to remove same from the district by pumping into the Illinois River in order to avoid flooding in the district. The Claimant submitted invoices for labor, material and services totalling $41,274.29. Of this amount $20,638.85 was paid by the State. The remaining $20,635.44 was rejected for lack of verification. The Claimant subsequently submitted additional verification to the State of Illinois and it was agreed by the parties in the joint stipulation that the verifications substantiates additional expenses of $15,759.31.

It is hereby ordered that the Claimant be awarded in full satisfaction of any and all claims presented to the State of Illinois under the above captioned cause the sum of $15,759.31.